The Chief Justice delivered the opinion of the court.
Kirkpatrick C. J.
This is an action of debt upon a sealed bill, in these words, to wit. “ For value received, I promise to pay Daniel Newbold or order, on or before the first day of May next, one hundred and seventy-five dollars, with interest. April the first, one thousand eight hundred and six.
Witness present, Jos. Lamb. (scroll.)

William Coate.”

Upon the trial the plaintiff proved the death and handwriting of the said William Coate, the subscribing witness, and then offered his bill in evidence, (a) To this it was objected by the defendant, unless some proof should be offered to shew that the said bill had been sealed and delivered ; but the objection was overruled, and a verdict rendered for the plaintiff. Upon the coming in of the postea, the defendant took a rule to shew cause, &c. And the case was submitted without argument.
The objection could not be to the scroll or the ink-seal, for the statute is positive, “That any instrument for the payment of money, to which the person making the same, shall affix a scroll, or ink, or other device, by way of seal, shall be taken and adjudged to be of the same force and obligation as if it were actually sealed with wax.” Neither can it be to the mode of proof, for it has so many times been determined, and has become a *principle so well settled, that proof of the death and hand-writing of a subscribing witness to a deed, is sufficient to pass the *518 deed to the consideration of the jury, that it cannot now ■be questioned. Were it otherwise, a bill or bond, or other obligation under seal would be a very uncertain security indeed; for as lord Golee hath observed upon this subject, no man can keep his witnesses alive, and time weareth out all men.
The objection then, must rest upon the form of the attestation, if I may so call it, or the his testibus clause, which does not express, as is usual, that the instrument was sealed and delivered in the presence of the witness. The only reason why the proof of the hand-writing of the subscribing witness is taken as sufficient proof of the execution of a deed, is founded upon the presumption that what an honest man hath attested under his hand, is true; that when he says the instrument was sealed and delivered in his presence, the presumption is, that it was so sealed and delivered. But when the instrument itself does not in the body of it, purport to be a sealed instrument, when it is not in the form of a bill, bond or other obligation usually under seal, and when the attestation says nothing about sealing and delivery, this presumption fails. This instrument does not purport to be sealed, the witness has not said that it was sealed and delivered in his presence ; there is nothing in the whol,e writing, importing any such thing. The scroll may have been made after the attestation as well as before, and indeed, judging from the face of the instrument only, the probability is so, for the attestation is not according to the usual form, the common practice of men in similar cases, but wholly different from it. (a) Can we then make this dead man say what he never did say when he was living; can we make him prove now that he is dead, what perhaps he could not prove if he were here present in court ? I think not.
It is of high importance to keep up the distinction between instruments sealed, and not sealed; they are different in their nature and in their effects, and before they can with safety be confounded together, our whole system of law must be new modeled. Indeed, it may with safety be said, that the statute itself, upon this subject, is *519 a dangerous innovation upon the settled principles of our law, without an adequate object. Though I have great reluctance to impede the recovery of money, where it is justly due, yet I cannot think it justifiable to break down geu*eral principles, to accommodate particular cases, and therefore am of opinion, that
The postea must be delivered to the defendant.
Southakt) J.
My view of this question, differs somewhat- from that of the rest of the court. When a subscribing witness is dead or absent, it is proper to prove his hand-writing, and proof of his hand-writing is prima facie proof of every thing which appears on the face of the instrument, sufficient to put the other party on his defence, (a) When, therefore, the proof of Coate’s handwriting was made, I think the bill ought to have been submitted to the jury, for them to determine whether the seal was upon it when it was executed; and the court ought carefully to have instructed the jury, that, in this action, proof of the seal was a necessary part of the plaintiff's case; and that unless they were satisfied, from the evidence, that the bill wras sealed when it was Executed, and had not since been altered, they ought to find for the defendant.
Rule for new trial granted.

 Patterson vs. Tucker, 4 Hal. 332. Boylan ads. Meeker, 4 Dutch. 294. Van Doren vs. Van Doren, Pen. *1022. Reformed Church vs. Ten Eyck, 1 Dutch. 40. Servis vs. Nelson, 1 McC. 94.

 Force vs. Craig, 2 Hal. 272.

 Den vs. Van Houten, 5 Hal. 270. Kingwood vs. Bethlehem, 1 Gr. 222.